IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 1 2000

MICHAEL N. MILBY, CLERK

| | |
|---|---|
| STANLEY THUMAN<br>Plaintiff, | §<br>§<br>§ |
| VS. | § CIVIL ACTION C-00-048<br>§ Rule 9(h) Admiralty |
| AKER GULF MARINE<br>Defendant. | §<br>§<br>§ |

## JOINT REPORT OF THE MEETING AND
## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
## RULE 26, FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff, Stanley Thuman, and Defendant, Aker Gulf Marine, by and through their respective counsel, hereinafter collectively referred to as the "parties", and submit the following Joint Discovery/Case Management Plan Under Rule 26 (F), Federal Rules of Civil Procedure.

1. State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

   **Answer:** **Thomas E. Baker, Jr. appeared for Plaintiff, Stanley Thuman and Cliff Gordon appeared for Defendant Aker Gulf Marine and met in the office of Huseman & Pletcher, 600 Leopard Street, Suite 2100, Corpus Christi, Texas, 78473 on February 16, 2000 at 3:00pm.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

Page 1

**Answer:** **None.**

3. <u>Briefly</u> describe what this case is about

**Answer:** **Plaintiff, Stanley Thuman claims physical damage and loss of use for a vessel caused by a collision with a submerged structure that is either a mooring dolfin or a concrete anchor placed in the water to be used as a "deadman" for pulling main construction projects off land and into navigation.**

4. Specify the allegation of federal jurisdiction.

**Answer:** **This suit was brought by Plaintiff pursuant to the existence of a Federal Question, and this Court's admiralty jurisdiction, 28 U.S.C. §1333.**

5. Name the parties who disagree and the reasons.

**Answer:** **None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Answer:** **None.**

7. List anticipated interventions.

**Answer:** **None.**

8. Describe class-action issues.

**Answer:** **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Page 2

**Answer:** Plaintiff made his initial disclosures on March 1, 2000. Defendant made its disclosures on February 28, 2000. Parties had agreed to make disclosures on or by the Initial Pretrial Conference which is set for March 15, 2000.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all matters raised in Rule 26(f).

**Answer:** The parties have agreed to respond to all matters raised in Rule 26(f).

    (1) what changes should be made to the timing, form or requirement for disclosure under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made:

The parties recommend no changes to disclosures. Plaintiff made his initial disclosures on March 1, 2000. Defendant made its disclosures on February 28, 2000.

    (2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

Discovery may be needed concerning the circumstances of the allision between the Thuman vessel and the concrete anchor and the damages Plaintiff claims as a result of the allision. Discovery should be completed by September 29,

Page 3

2000. The parties agree that discovery should not be limited or conducted in phases. Plaintiff will request expedited discovery and an early trial date. Defendant feels the current discovery deadlines are appropriate.

(3) what changes should be made in the limitations on discovery imposed under theses rules or by local rule, and what other limitations should be imposed:

The parties agree that no changes in limitations or additional limitations should be imposed.

(4) any other orders that should be entered by the court under subdivision (c) or under Rule 16(b) and (c).

None at this time.

B.   When and to whom the plaintiff anticipates it may send interrogatories.

Answer:   Plaintiff anticipates he will send interrogatories to Defendants by sixty (60) days before the end of the discovery period.

C.   When and to whom the defendant anticipates it may send interrogatories.

Answer:   Defendants anticipate they will send interrogatories to Plaintiff by sixty (60) days before the end of the discovery period.

D.   Of whom and by when the plaintiff anticipates taking oral depositions.

Page 4

**Answer:** **Plaintiff anticipates taking the oral depositions of all fact witnesses thirty (30) days before the end of discovery period.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Answer:** **Defendants anticipates taking the oral depositions of all fact witnesses thirty (30) days before the end of the discovery deadline.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Answer:** **Plaintiff will designate experts by August 18, 2000.**
**Defendants will designate experts by August 18, 2000.**
**Responsive experts will be designated by September 8, 2000.**
**Expert reports will be due upon designation of each expert.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Answer:** **After designation of experts by Defendants, Plaintiff will depose such experts by September 29, 2000.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Page 5

ClibPDF - www.fastio.com

**Answer:** **After designation of experts by Plaintiff, Defendants will depose such experts by September 29, 2000.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Answer:** **All are agreed.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Answer:** **Substantial discovery including responses to requests for disclosures and depositions were completed in a previous state court proceeding that was non-suited.**

13. State the date the planned discovery can reasonably be completed.

**Answer:** **September 29, 2000.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Answer:** **After initial discovery is completed, the parties may engage in settlement discussions.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Answer:** **The parties have engaged in some settlement discussions which will continue after initial disclosures have been completed.**

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Page 6

**Answer:** **Mediation may be appropriate after initial discovery is completed.**

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Answer:** **All parties do not consent to trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

**Answer:** **No jury demand has been made.**

19. Specify the number of hours it will take to present the evidence in this case.

**Answer:** **The parties estimate that it will take approximately twenty (20) hours to present the evidence in this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Answer:** **None.**

21. List other pending motions.

**Answer:** **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

**Answer:** **None.**

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Answer:** Plaintiff, Stanley Thuman filed his Certificate of Interested Parties on February 15, 2000. Defendant, Aker Gulf Marine filed its Certificate of Interested Parties on February 28, 2000.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**Answer:** **Counsel for Plaintiff:**

Les Cassidy
500 N. Water St
1020 Bank of America Center North
Corpus Christi, Texas  78471
(361) 887-2965 office
(361) 887-6521 fax
State Bar No. 03979270
Federal I.D. No. 5931

**Counsel for Defendants:**

Van Huseman
Huseman & Pletcher
600 Leopard Street, Suite 2100
Corpus Christi, Texas  78473
(361) 883-3563  office
(361) 883-0210  fax
State Bar No. 10323500
Federal I.D. No. 1167

Page 8

ClibPDF - www.fastio.com

AGREED:

_____
Les Cassidy
500 N. Water St
1020 Bank of America Center North
Corpus Christi, Texas 78471
(361) 887-2965 office
(361) 887-6521 fax
State Bar No. 03979270
Federal I.D. No. 5931

Attorney in Charge for **Plaintiff**


*Cliff Gordon by permission of*
_____
Van Huseman
Huseman & Pletcher
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
(361) 883-3563 office
(361) 883-0210 fax
State Bar No. 10323500
Federal I.D. No. 1167

Attorney in Charge for Defendant

Page 9

ClibPDF - www.fastio.com