United States District Court
Southern District of Texas
FILED
MAR 02 2000
Michael N. Milby, Clerk

United States District Court
Southern District of Texas
FILED
MAR 0  2000
Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STANLEY THUMAN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-00-048 |
| | § | ADMIRALTY |
| AKER GULF MARINE | § | |

## ORIGINAL ANSWER OF DEFENDANT, AKER GULF MARINE, TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, Aker Gulf Marine, files its original answer to the original complaint of Plaintiff, Stanley Thuman.

### ADMISSIONS AND DENIALS

1. Complaint ¶ 1: Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

2. Complaint ¶ 2: Defendant admits these averments.

3. Complaint ¶ 3: Defendant admits that venue is proper in this division but denies the remaining averments in this paragraph.

4. Complaint ¶ 4: This paragraph contains no factual averments requiring admission or denial. To the extent admissions or denials may be necessary, Defendant admits that the Court has admiralty jurisdiction but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

5. Complaint ¶ 5: Defendant admits that on or about May 2, 1999, Stanley Thuman was operating a vessel which struck a concrete anchor belonging to Defendant; otherwise, Defendant denies the averments in this paragraph.

12

6. Complaint ¶ 6: Defendant denies the averments in this paragraph.

7. Complaint ¶ 7: This paragraph contains no factual averments requiring admission or denial. To the extent admissions or denials are necessary, Defendant denies the averments in this paragraph.

## DEFENSES

8. In addition or in the alternative, Plaintiff's negligence proximately caused the allision and the damages he claims as a result of the allision. Plaintiff's negligence includes, but may not be limited to, failing to keep a proper lookout; failing to properly operate his vessel; failing to avoid the anchor which was properly marked or, alternately, which Plaintiff knew or should have known of; and failing to have a marine band radio onboard to receive information concerning alleged obstructions.

9. **Prayer.** For these reasons, Aker Gulf Marine requests that the Court render judgment that Stanley Thuman take nothing, dismiss his claims with prejudice, and award Aker Gulf Marine its court costs and all other proper relief.

Respectfully submitted,

_____
VAN HUSEMAN
Admission No. 1167
State Bar No. 10323500
Attorney-in-Charge for Aker Gulf Marine
Huseman & Pletcher
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78473
(361) 883-3563   FAX (361) 883-0210

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document was this 2nd day of March, 2000, served via certified mail, return receipt requested, to:

Mr. Les Cassidy
Woolsey & Cassidy, P.C.
1020 Bank of America Center North
500 North Water Street
Corpus Christi, Texas 78471

VAN HUSEMAN

f:\attys\chff\thuman fed.ans.doc

3