IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STANLEY THUMANN | § | |
| | § | |
| VS. | § | C. A. NO. C-00-048 |
| | § | ADMIRALTY |
| AKER GULF MARINE | § | |
| | § | |

### SECOND AMENDED ANSWER OF DEFENDANT, AKER GULF MARINE, TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Aker Gulf Marine, files its Second Amended Answer to the Original Complaint of Plaintiff, Stanley Thuman.

### ADMISSIONS AND DENIALS

1. Complaint ¶ 1: Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

2. Complaint ¶ 2: Defendant admits these averments.

3. Complaint ¶ 3: Defendant admits that venue is proper in this division but denies the remaining averments in this paragraph.

4. Complaint ¶ 4: Defendant admits that the Court has admiralty jurisdiction but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

5. Complaint ¶ 5: Defendant denies the averments in this paragraph.

6. Complaint ¶ 6: Defendant denies the averments in this paragraph.

47400:914783.1:063000

7.      Complaint ¶ 7: This paragraph contains no factual averments requiring admission or denial. To the extent admissions or denials are necessary, Defendant denies the averments in this paragraph.

## DEFENSES

8.      In addition or in the alternative, Aker Gulf Marine asserts as a defense that Plaintiff's negligence proximately caused the allision and the damages he claims as a result of the allision. Plaintiff's negligence includes, but may not be limited to, failing to keep a proper lookout, failing to properly operate his vessel, failing to avoid the obstruction which was properly marked or, alternately, which Plaintiff knew or should have known of, and failing to have a marine band radio onboard to receive information concerning alleged obstructions.

9.      In addition or in the alternative, Aker Gulf Marine asserts as a defense that the Plaintiff has failed to reasonably, properly or adequately mitigate his damages, and Plaintiff's damages, if any, should be barred or reduced accordingly.

10.     In addition or in the alternative, Aker Gulf Marine asserts as a defense that any losses, damages or injuries to Plaintiff were caused by or contributed to by the carelessness, negligence or other fault of persons or entities for which Aker Gulf Marine is not responsible.

11.     Aker Gulf Marine seeks all credits and offsets to which it may be entitled.

12.     Aker Gulf Marine invokes all applicable presumptions regarding the Plaintiff's negligence.

13.     Aker Gulf Marine contends that the Plaintiff's damages were preexisting or subsequent to the accident in question.

14.     For these reasons, Aker Gulf Marine requests that the Court render judgment that Stanley Thuman take nothing, dismiss the Plaintiff's claims with prejudice, and award Aker Gulf Marine its court costs and all other proper relief.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

_____
Jack C. Partridge
State Bar No. 15534600
Federal I.D. No. 1931
Chester J. Makowski
State Bar No.12852950
Federal I.D. No. 15600
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas 78476
(361) 884-8808
(361) 884-7261 Facsimile
Attorneys for Defendant, Aker Gulf Marine

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the indicated means to the following counsel on this the 30th day of June, 2000:

**VIA CERTIFIED MAIL RRR**

Les Cassidy
Woolsey & Cassidy
500 N. Water Suite 1020 N.
Corpus Christi, Texas 78471

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

47400:914783.1:063000              -3-