United States District Court
Southern District of Texas
FILED

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

**NOV 2 1 2000**

Michael N. Milby, Clerk

| | | |
|---|---|---|
| STANLEY THUMANN | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION C-00-048 |
| | § | Rule 9(h) Admiralty |
| AKER GULF MARINE | § | |
| Defendant. | § | |

## JOINT PRETRIAL ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

## I. APPEARANCE OF COUNSEL

A.  **PLAINTIFF:** Plaintiff is Stanley Thumann

   ATTORNEY FOR PLAINTIFF:
   Les Cassidy
   500 N. Water Street
   1020 Bank of America Center North
   Corpus Christi, Texas 78471
   (361) 887-2965  office
   (361) 887-6521  fax

B.  **DEFENDANT:** Defendant is Aker Gulf Marine

   ATTORNEYS FOR DEFENDANT:
   Jack C. Partridge
   ROYSTON, RAYZOR, VICKERY, & WILLIAMS, L.L.P.
   606 N. Carancahua
   1700 Wilson Plaza West
   Corpus Christi, Texas 78476
   (361) 884-8808  office
   (361) 884-7261  fax

47400:944991.1:112100

1

CitePDF - www.fasio.com

## II. STATEMENT OF THE CASE

This is a maritime property damage case arising from an allision. Specifically, on or about May 2, 1999, a shrimp boat owned by Stanley Thumann, the F/V LADY DENISE (official number 995952) struck a submerged concrete structure owned by Aker Gulf Marine.

There is a dispute between the Parties regarding whether the submerged concrete structure was properly marked. Further, there are disputes regarding the extent of the Plaintiff's property damage and the extent of any loss of use.

## III. JURISDICTION

This Honorable Court has admiralty and maritime jurisdiction of this matter. 28 U.S.C. §1331. There are no unresolved jurisdictional questions.

## IV. PENDING MOTIONS

There are no pending motions.

## V. CONTENTIONS OF THE PARTIES

Plaintiff's contentions are the following:

(a) The structure which was struck by the F/V LADY DENISE was not marked at the time of the collision.

(b) The structure was constructed in such a way that it would be submerged.

(c) The structure was located in the navigable waters of the United States.

(d) Defendant did not have a permit for the construction of the structure.

(e) At the time of the occurrence, the F/V LADY DENISE was seaworthy, working,

47400:944991.1:112100

2

and operated in a reasonably prudent manner.

(f) As a result of the occurrence, temporary repairs costing $8,209.00 were made by plaintiff.

(g) Permanent repairs costing $18,000 are necessary to enable the vessel to fish in the Gulf of Mexico.

(h) Plaintiff's loss of use claim for the year 1999 is $13,000.00

(i) Plaintiff's loss of use claim for the year 2000 is $17,000.00

(j) Plaintiff has mitigated his damages through temporary repairs and by gross earnings of $17,543.61 in the year 2000 of the F/V LADY DENISE.

(k) Plaintiff claim is for total damages of $56,000.00.

<u>Defendant's contentions are the following</u>:

The F/V LADY DENISE struck a properly marked submerged structure. Thus, there is a presumption of negligence against the vessel and the vessel is wholely responsible for the allision.

With respect to property damage, damages to the vessel were in the $3,000 to $5,000 range. The Plaintiff continues to attempt to escalate these damages and has refused to accept the guidance of his own surveyor or the Defendant's surveyor.

47400:944991.1:112100

3

With respect to loss of use, the Plaintiff sustained no recoverable loss of use. According to his own testimony, the 1999 bay shrimping season was one of the worst on record and his other comparable boat was tied up because of the expenses of operating it exceeded any profits made bay shrimping in 1999. The vessel was back to its intended service as a bay shrimp boat for the 2000 season. The Plaintiff's boat was not designed for and could not withstand weather conditions in the Gulf of Mexico even before the allision, and the Plaintiff should not be able to claim loss of use for not being able to engage in shrimping in the Gulf of Mexico. The Plaintiff's lost profits, if any, are also entirely speculative as he has no credible evidence of lost profits and his tax returns appear to contradict his claims. Further, the Plaintiff had an obligation to mitigate damages. He had two and a half months to get his boat repaired even before the Gulf shrimping season but did not do so. It is clear that the Plaintiff had the financial means to repair his vessel. He has also repeatedly turned down reasonable settlement offers and an Offer of Judgment for an amount far in excess of his damages.

In sum, it appears that Plaintiff struck a properly marked object, in the middle of one of the worst bay shrimping seasons on record. After that, he claimed an exorbitant amount of damages for which there is no supporting evidence.

## VI.  ADMISSIONS OF PARTIES

(a) The F/V LADY DENISE was operating in the navigable waters of the United States at the time of the incident;

47400:944991.1:112100

4

## VII.  CONTESTED ISSUES OF FACT

Plaintiff's contested facts are the following:

1. Whether Defendant was negligent in failing to properly mark the submerged structure.

2. Whether Defendant was aware of problems in maintaining a buoy at the structure.

3. Whether Defendant was negligent.

4. Whether Plaintiff's damages are the following:

   (a) Temporary repairs $8,200.00

   (b) Needed permanent repairs $18,000.00

   (c) Loss of use $30,000

Defendant's contested facts are as follows:

1. Whether the Plaintiff's navigation of the vessel and other conduct was negligent and proximately caused the allision and/or his damages..

2. The amount of Plaintiff's property damage.

3. The amount of the Plaintiff's loss of use, if any.

4. Whether the Plaintiff has mitigated his damages.

## VIII.  AGREED PROPOSITIONS OF LAW

(1) This case is within the Court's admiralty and maritime jurisdiction.  28 U.S.C. § 1333.

(2) This is a non-jury proceeding.

(3) This matter is governed by the general maritime law.

47400:944991.1:112100

5

(4) Liability for this collision must be determined by applying a pure comparative negligence analysis. <u>United States v. Reliable Transfer Co.</u>, 421 U.S. 397, 95 S. Ct. 1708, 44 L. Ed. 2d 251 (1975).

(5) The Plaintiff has an obligation to mitigate or avoid damages. <u>Pennzoil Producing Co. v. Offshore Exp., Inc.</u>, 943 F.2d 1465 (5th Cir. 1991).

## IX.  CONTESTED PROPOSITIONS OF LAW

(1)     Plaintiff's Contested Propositions of Law

  (a)  The deposit of any material in navigable waters without a permit is unlawful. 33 U.S.C. § 403, § 407.

  (b)  The failure to properly mark an obstruction to navigation rises to a presumption of negligence per se. <u>American Zinc Co. v. Foster</u>, 315 F.Supp 671, 680 (S.D. Miss 1970).

  (c)  The Defendant has the duty to use reasonable are to mark the obstruction with a bouy. <u>Indian Towing Co., Inc. v. U.S.</u>, 350 U.S. 61, 76 S. Ct. 122 (1955).

(2)     Defendant's Contested Propositions of Law

(a)  Whether the Plaintiff is entitled to prejudgment interest or whether peculiar circumstances exist which make these damages inappropriate.  <u>Noritake Co. Inc. v. M/V HELLENIC CHAMPION</u>, 627 F. 2d 724, 728, n. 3 (5th Cir. 1980);

(b)  Whether the Plaintiff is entitled to recovery of lost profit or loss of catch.

(c)  Whether each of the respective parties was negligent and, if so, the degree of negligence.

(d)  Whether there is a presumption of fault when a moving vessel strikes a known or properly marked object.  <u>See Pennzoil Producing Co. v. Offshore Exp., Inc.</u>, 943 F. 2d 1465 (5th Cir. 1991).

(e)  Whether a plaintiff's recovery for the physical damages to his vessel plus his  alleged loss of use can ever exceed the precasualty value of the vessel, less any salvage value.  <u>See the Umbria</u>, 166 U.S. 404, 17 S.Ct. 610, 617, 41 L.Ed. 1053 (1897) (no lost profits if vessel a constructive total loss)..

(f)  The effect of the Offer of Judgment on attorneys fees, court costs, and prejudgment interest.  FED. R. CIV. R. P. 68.

## X.  EXHIBITS

(1)    The exhibit list of the Plaintiff is attached as Exhibit "A-1."

(2)    The exhibit list of the Defendant is attached as Exhibit "A-2"

## XI.  WITNESSES

1)      The witness list of the Plaintiff is attached as Exhibit "B-1"

2)      The witness list of Defendant is attached as Exhibit "B-2"

## XII.  SETTLEMENT

An Order for Referral to Mediation was entered on March 16, 2000.  The

Parties attended mediation and the Defendant subsequently made an Offer of Judgment.

Both parties have negotiated extensively but have not yet come to a resolution.  Trial is set

for Monday, December 4, 2000, at 8:00a.m.

## XIII.  TRIAL

It has been agreed that it will take approximately sixteen (16) hours to present the

evidence in this case.

## XIV.ATTACHMENTS

<u>Plaintiff's Attachments:</u>

1.  The Plaintiff's proposed finding of facts and conclusions of law are attached as

Exhibit "C-1".

<u>Defendants' Attachments:</u>

2.      The Defendant's proposed findings of fact and conclusions of law are

attached as Exhibit "C-2"

Date:  _____        _____

UNITED STATES DISTRICT JUDGE

47480:944991.1:112100

8

APPROVED:

Date: __11·21·00__

Les Cassidy
Woolsey & Cassidy, P.C.
500 N. Water Street
1020 Bank of America Center North
Corpus Christi, Texas  78471
(361)  887-2965  office
(361)  887-6521  fax
State Bar No.:  03979270
Federal I.D. No.:  5931

Attorney-in-Charge for Plaintiff


Date: __11|21|00__

Jack C. Partridge
Royston, Rayzor, Vickery, &
Williams, L.L.P.
606 N. Carancahua
1700 Wilson Plaza West
Corpus Christi, Texas  78476
(361) 884-8808  office
(361) 884-7162  fax
State Bar No.: 15534600
Federal I.D. No.: 10470
Attorney-in-Charge for Defendant


47400:944991.1:112100

9

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STANLEY THUMANN<br>Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION C-00-048<br>Rule 9(h) Admiralty |
| AKER GULF MARINE<br>Defendant. | § § § | |

### PLAINTIFF'S EXHIBIT LIST

| DEF.<br>NO. | MARKED | OBJECTED<br>TO | ADMITTED | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 1 | | | | 1991  Tax Return |
| 2 | | | | 1992  Tax Return |
| 3 | | | | 1993  Tax Return |
| 4 | | | | 1994  Tax Return |
| 5 | | | | 1995  Tax Return |
| 6 | | | | 1996  Tax Return |
| 7 | | | | 1997  Tax Return |
| 8 | | | | 1998  Tax Return |
| 9 | | | | 1999  Tax Return |
| 10 | | | | Earnings Records 1999 and Summary |
| 11 | | | | Earnings Records 2000 and Summary |
| 12 | | | | Temporary Repair Invoice and Summary |
| 13 | | | | McAllister Report |
| 14 | | | | Repair Estimates |
| 15 | | | | Photographs |

**EXHIBIT A-1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| STANLEY THUMANN | § § § | |
| VS. | § | C. A. NO. C-00-048 |
| AKER GULF MARINE | § § § | |

## DEFENDANT AKER GULF MARINE'S
## EXHIBIT LIST

| NO. | DESCRIPTION | OFFR | OBJ | DATE ADMIT | N/ADMIT |
|---|---|---|---|---|---|
| 1. | 1991 tax return of Stanley Thumann | | | | |
| 2. | 1992 tax return of Stanley Thumann | | | | |
| 3. | 1993 tax return of Stanley Thumann | | | | |
| 4. | 1994 tax return of Stanley Thumann | | | | |
| 5. | 1995 tax return of Stanley Thumann | | | | |
| 6. | 1996 tax return of Stanley Thumann | | | | |
| 7. | 1997 tax return of Stanley Thumann | | | | |
| 8. | 1998 tax return of Stanley Thumann | | | | |
| 9. | 1999 tax return of Stanley Thumann | | | | |
| 10. | Mervyn Tansley C.V. | | | | |
| 11. | Report of Mervyn Tansley | | | | |
| 12. | Offer of Judgment | | | | |
| 13. | Stanley Thumann map of ship channel | | | | |
| 14. | Mile 533 estimate | | | | |
| 15. | Shoalwater estimate | | | | |

47400:944955.1:112100



| NO. | DESCRIPTION | OFFR. | OBJ | DATE | |
|---|---|---|---|---|---|
| | | | | ADMIT | N/ADMIT |
| 16. | Photograph of vessel | | | | |
| 17. | Photograph of vessel | | | | |
| 18. | Photograph of vessel | | | | |
| 19. | Photograph of vessel | | | | |
| 20. | Photograph of vessel | | | | |
| 21. | Photograph of vessel | | | | |
| 22. | Photograph of vessel | | | | |
| 23. | Photograph of vessel | | | | |
| 24. | Photograph of vessel | | | | |
| 25. | Photograph of vessel | | | | |

Respectfully submitted,

Jack Partridge
State Bar No. 15534600
Federal I.D. No. 10470
Chester J. Makowski
State Bar No. 12852950
Federal I.D. No. 15600
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas   78476
Office:  (361) 884-8808
Fax:  (361) 884-7261
ATTORNEYS FOR DEFENDANT AKER GULF
MARINE

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed counsel by the indicated means on this 21st day of November 2000.

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Les Cassidy
Woolsey & Cassidy
500 N. Water Suite 1020 N.
Corpus Christi, Texas 78471

OF ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

47400:944955.1:112100                    -3-

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STANLEY THUMANN | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION C-00-048 |
| | § | Rule 9(h) Admiralty |
| AKER GULF MARINE | § | |
|     Defendant. | § | |

## PLAINTIFF'S WITNESS LIST

Stanley Thumann - Plaintiff
Box 85
Port O'Connor, Texas  77982
(361) 983-1845

    Plaintiff will testify as to the facts made the basis of this suit, the occurrence, repair costs, necessary repairs, earnings and loss of use.


Brian Thumann
Box 85
Port O'Connor, Texas  77982
(361) 983-1845

    Plaintiff's son and operator of vessel at time of occurrence.  He will testify that there was no marking at the structure.  He also performed temporary repairs on the F/V LADY DENISE.


Mark A. McAllister
McAllister Marine Surveying Company
P.O. Box 6375
Corpus Christi, Texas  79466
(361) 882-4677

    He is a marine surveyor.  He has reviewed the damage to the vessel.  He will testify as to necessary repairs and estimated costs.


**EXHIBIT B-1**

Wayne Morgan
Hooking Bull Boatyard
P.O. Box 726
Rockport, Texas 78381
(361) 729-5682
(361) 729-5527

These men have performed repairs on the vessel.  They will testify as to repairs necessary and costs thereof.

John Barrier
1218 Lee Road
Rockport, Texas
(361) 758-5717
Larry Kearney
110 Spoonbill
Aransas Pass, Texas  78336
(361) 758-5778

John Barrier and Larry Kearney have knowledge of the facts regarding problems with the buoy made the basis of this suit.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

STANLEY THUMANN §
§
§
VS. § C. A. NO. C-00-048
§
AKER GULF MARINE §

## DEFENDANT, AKER GULF MARINE'S
## WITNESS LIST

### I.

In addition to the witnesses identified by the Plaintiff, Defendant Aker Gulf Marine may call

any of the following:

1.     Mr. Larry Schutz
   Aker Gulf Marine
   P.O. Box C
   Ingleside, Texas 78362
   (361)776-7551

Mr. Schutz was the Aker Gulf Marine Rigging Superintendent and is knowledgeable

regarding the buoys at the location.

2.     Mr. Vic Rosen
   Kansas City, Missouri

Mr. Rosen attempted to negotiate Mr. Thumann's damages.

47400:944849.1:112100



3.  Mr. Charles Huff
    2968 Lakeview East Drive
    Ingleside, Texas 78362

Mr. Huff is the Dimensional Control Supervisor for Aker Gulf Marine and was deposed as

the corporate representative of Aker Gulf Marine.  Mr. Huff may testify as to issues

concerning liability and damages.

4.  Mr. Snow Westerman
    Aker Gulf Marine
    P.O. Box C
    Ingleside, Texas 78362
    (361) 643-8533

Mr. Westerman is an employee of Aker Gulf Marine who has knowledge regarding the buoys

and the mooring skid.

5.  Ms. Sharon Mayhall
    Aker Gulf Marine
    P.O. Box C
    Ingleside, Texas 78362
    (361)776-8037

Ms. Mayhall is the Division Business Manager for Aker Gulf Marine.  She has knowledge

of the negotiations with Mr. Thumann.

6.  Mervyn Tansley
    Maritime Consultants, Inc.
    P.O. Box 9022
    Corpus Christi, Texas 78469
    (361) 882-7442

Mr. Tansley is a maritime consultant who may testify as an expert as to the condition of the

vessel prior to and after the incident, costs of repairs to the vessel, property damages, loss

of use, economic damages, and cause of incident.   The parties have agreed to the

qualifications of Mr. Tansley as an expert witness.  *See* attached correspondence.

7.     M. Lagasse
       Palacios, Texas

Mr. Lagasse may testify as an expert on vessel repairs.

8.     Marc McAllister
       McAllister Marine Surveying Co.
       P.O. 6375
       Corpus Christi, Texas 79466

Mr. McAllister is a marine surveyor who may testify as an expert as to the value of the

LADY DENISE.  He may also testify as to the condition of the vessel prior to and after the

incident, costs of repairs to the vessel, property damages, loss of use, economic damages, and

cause of incident.     The parties have agreed to the qualifications of Mr. McAllister as an

expert witness.  *See* attached correspondence.

9.     Roy De Bolt
       (361)643-8533

Mr. De Bolt attempted to negotiate Mr. Thumann's damages.

10.    Captain Clifton Alexander
       Grove Hill, Alabama
       (318)570-1322

Captain Alexander is the Captain for the Missouri Dredge and has knowledge regarding the

buoys at the location and marine traffic communications.

47400:944849.1:112100                              -3-

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does no apply to rebuttal or impeachment witnesses.

Respectfully submitted,

Jack Partridge
State Bar No. 15534600
Federal I.D. No. 10470
Chester J. Makowski
State Bar No. 12852950
Federal I.D. No. 15600
Royston, Rayzor, Vickery & Williams, L.L.P.1700
Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas  78476
Office: (361) 884-8808
Fax: (361) 884-7261
ATTORNEYS FOR DEFENDANT AKER GULF
MARINE

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the below listed

counsel by the indicated means on this ___ day of November 2000.

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Les Cassidy
Woolsey & Cassidy
500 N. Water Suite 1020 N.
Corpus Christi, Texas 78471


OF ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

47400:944849.1:112100                    -5-

Case 2:00-cv-00048 Document 27 Filed in TXSD on 11/21/2000 Page 21 of 25

# Woolsey & Cassidy, P.C.

1020 Bank of America Center North
500 North Water Street
Corpus Christi, Texas 78471
361-887-6521 fax

R.W. Woolsey, retired 1996
Les Cassidy 361-887-2965

August 16, 2000

**via fax**

Mr. Jack Partridge
Royston, Rayzor, Vickery & Williams, L.L.P.
1700 Wilson Plaza West
606 N. Carancahua
Corpus Christi, Texas  78476

    RE:  CA No. 99-60869-00-0-2; Stanley Thuman v. Aker Gulf
          Marine
          W&C File 2061.100

Dear Mr. Partridge:

    Based upon my calculations under the discovery order, it
appears that expert designations are due on Friday, August 18,
2000, or Monday, August 21, 2000.  In any event, this will
memorialize our agreement that we will extend the disclosure
deadline for experts and their reports through Friday, August 25,
2000.  We further agree that the only disclosure required will be
the reports, and you and I have stipulated as to the
qualifications of Mr. Tansley and Mr. McAllister to testify.

                    Yours very truly,

                    Les Cassidy

LC:jcm

AGREED:

_____
Jack Partridge

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STANLEY THUMANN | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION C-00-048 |
| | § | Rule 9(h) Admiralty |
| AKER GULF MARINE | § | |
| Defendant. | § | |

## PLAINTIFF'S PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

1. This Court finds that on May 2, 1999, Plaintiff's vessel F/V LADY DENISE struck a submerged structure owned by Defendant Aker Gulf Marine.

2. The structure was submerged and not marked at the time of the collision.

3. Defendant was aware that it was having difficulty maintaining a permanent marking on the structure

4. Defendant did not have a permit for placing the structure in the navigable waters of the United States.

5. Defendant was negligent.

6. The negligence was the cause of Plaintiff's damages to his vessel.

7. As a result of the collision, the Plaintiff sustained temporary repairs to his vessel in the amount of $8,200.00.

8. Additional permit repairs in the amount of $18,000.00 are necessary.

9. The Plaintiff has attempted to mitigate his damages by fishing the F/V

**EXHIBIT C-1**

LADY DENISE in the bay at her suitable conditions but has not been able to fish the vessel in the Gulf of Mexico.

10.   The Plaintiff's loss of use, net of operating expenses is $13,000.00 for the year 1999 and $17,000.00 for the year 2000.

## CONCLUSIONS OF LAW

1.   The Defendant is liable for placing a submerged structure in the navigable waters of the United States without a permit.

2.   The end marked structure constitutes an obstruction to navigation. American Zinc. Co. v. Foster, 313 F. Supp 671 (S.D. Miss 1970).

3.   There is a presumption that the Defendant is negligent per se for the reason that the structure was not marked at the time of the collision.   *Id.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STANLEY THUMANN | § § § | |
| VS. | § § | C. A. NO. C-00-048 |
| AKER GULF MARINE | § § § | |

**DEFENDANT AKER GULF MARINE'S PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW**

On December _____, 2000, the Court conducted trial in the captioned matter. After hearing

argument and reviewing the evidence in the captioned matter, the Court enters the enclosed finding

of facts and conclusions of law:

**I.**

On May 2, 1999, the F/V LADY DENISE, a shrimp boat owned by Stanley Thumann, struck

a submerged concrete structure owned by Aker Gulf Marine. The structure was properly marked

with buoys and, pursuant to the maritime law, there is a presumption of negligence against Stanley

Thumann. The Court finds that the allision was entirely the fault of Stanley Thumann.

The Court finds that it has admiralty and maritime jurisdiction. 28 U.S.C. § 1333. The case

was properly heard as a non-jury matter. Thus, the Court finds that the Plaintiff take nothing and

that the Defendant should recover its court costs.

47400:944937.1:112100



Signed this the _____ day of _____ in Corpus Christi, Texas.

_____

Janis Graham Jack, United States District Judge